IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

REX and BARBARA DONAHUE,

        Plaintiffs,

v.                                    CIVIL ACTION NO.   3:21-0043

FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECIVER FOR THE FIRST STATE BANK,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Dismissal of All Claims by the Federal Deposit Insurance Corporation as Receiver (FDIC-Receiver) for The First State Bank. ECF No. 7. Plaintiffs Rex and Barbara Donahue oppose the motion. For the following reasons, the Court **HOLDS** the motion **IN ABEYANCE** and permits Plaintiffs to file an Amended Complaint.

This action is the third of four actions filed by Plaintiffs in this Court to collect damages following the insolvency of The First State Bank.[1] It is undisputed that Plaintiffs and corporate entities operated by Plaintiffs had a long-standing lending relationship with the bank. On April 3, 2020, the FDIC was appointed as receiver for the bank, and it succeeded to the bank's interests and liabilities. *See* 12 U.S.C. § 1821(d)(2)(A), in part ("The [FDIC] shall, as conservator or receiver, and by operation of law, succeed to--(i) all rights, titles, powers, and privileges of the insured depository institution"). Pursuant to the Financial Institutions Reform, Recovery, and

---

[1] *See Donahue v. FDIC*, Nos. 3:20-0875, 3:21-00042, and 3:21-00095.

Enforcement Act (FIRREA), any claimants of a failed institution are required to file claims "before a certain date—the 'bar date.'" *Willner v. Dimon*, 849 F.3d 93, 102 (4th Cir. 2017) (quoting *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 919 (4th Cir. 1996); footnote omitted). The bar date for submitting claims against The First State Bank was July 22, 2020. *See* https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/fsb-wv.html.

As relevant to this case, Plaintiffs timely filed a *pro se* claim with the FDIC-Receiver in the amount of $66,000.00 (Claim No. NS1053600229). On November 17, 2020, the FDIC-Receiver disallowed the claim "as not proven to the satisfaction of the Receiver." *Notice of Disallowance of Claim*, Claim No. NS1053600229 (Nov. 17, 2020), Ex. 1 to the *Compl*., ECF No. 1-1. After the Notice was issued, Plaintiffs retained counsel, who timely filed this action on their behalf for de novo review. *See* 12 U.S.C. § 1821(d)(6) (providing claimants have 60 days to file a lawsuit or the disallowance of the claim becomes final). The FDIC-Receiver now moves to dismiss this action pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

In their Response, Plaintiffs claim they received untimely notice of the disallowance. As a result, they did not know of the FDIC-Receiver's decision until shortly before their sixty-day window for filing a civil action was about to expire. Given the looming deadline, Plaintiffs' counsel was unable to gather the necessary documents and research the claim before filing the Complaint. Instead, counsel hastily drafted the Complaint to meet the statutory deadline. Plaintiffs now seek the opportunity to amend the Complaint in order to set forth their claim more fully.

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendment of a complaint after a responsive pleading has been filed "with the opposing party's written consent or the court's leave" and leave should be freely given "when justice so requires." Although the FDIC-Receiver's challenge to this action is slightly different than its challenges in the other three cases filed by Plaintiffs,[2] the Court nevertheless finds the circumstances warrant providing Plaintiffs the opportunity to attempt to state a claim by amending their Complaint. As with the other cases, the Court advises Plaintiffs they are bound by, and restricted to, the claims made at the administrative level. In their Amended Complaint, they must specifically identify the specific factual basis for their claim and add as parties any corporate entities they believe are necessary parties.

Accordingly, for good cause shown, the Court shall permit Plaintiffs leave to amend the Complaint. The Court **DIRECTS** Plaintiffs to file their Amended Complaint **on or before May 14, 2021.** In the meantime, the Court **HOLDS IN ABEYANCE** the FDIC-Receiver's Motion to Dismiss. If, after the Amended Complaint is filed, the FDIC-Receiver chooses to supplement its motion, it must do so **on or before May 28, 2021**. If a supplement is filed, Plaintiffs must file a supplemental response **on or before June 4, 2021**. Plaintiffs also must explain how this case is not a collateral attack on a bankruptcy court order and otherwise must address what impact, if any, Sugarcreek, Inc.'s bankruptcy has on this case.

---

[2]The FDIC-Receiver contends Plaintiffs in this case are attempting to collaterally attack an order entered by the Bankruptcy Court in *In re: Sugarcreek, Inc.*, No. 14-30257 (Bank. W. Va. 2014).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:     April 29, 2021

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE