IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

REX and BARBARA DONAHUE,

        Plaintiffs,

v.                         CIVIL ACTION NO. 3:21-0043

FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECIVER FOR THE FIRST STATE BANK,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Dismissal of All Claims by the Federal Deposit Insurance Corporation as Receiver (FDIC-Receiver) for The First State Bank. ECF No. 7. Plaintiffs Rex and Barbara Donahue oppose the motion. For the following reasons, the motion is **GRANTED.**

**I.
FACTUAL AND
PROCEDURAL BACKGROUND**

This action is the third of four actions filed by Plaintiffs in this Court to collect damages following the insolvency of The First State Bank.[1] It is undisputed that the Donahues and their closely-held corporate entities, Hurricane Plaza, Inc. and Sugarcreek, Inc., had a long-standing business and lending relationship with the now defunct bank. On April 3, 2020, the FDIC was appointed as receiver for the bank, and it succeeded to the bank's interests and liabilities. *See* 12 U.S.C. § 1821(d)(2)(A), in part ("The [FDIC] shall, as conservator or receiver,

---

[1] *See Donahue v. FDIC*, Nos. 3:20-0875, 3:21-00042, and 3:21-00095.

and by operation of law, succeed to--(i) all rights, titles, powers, and privileges of the insured depository institution"). Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), any claimants of a failed institution are required to file claims "before a certain date—the 'bar date.'" *Willner v. Dimon*, 849 F.3d 93, 102 (4th Cir. 2017) (quoting *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 919 (4th Cir. 1996); footnote omitted). The bar date for submitting claims against The First State Bank was July 22, 2020. *See* https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/fsb-wv.html.

As relevant to this case, Plaintiffs timely filed a *pro se* claim with the FDIC-Receiver in the amount of $66,000.00 (Claim No. NS1053600229). On November 17, 2020, the FDIC-Receiver disallowed the claim "as not proven to the satisfaction of the Receiver." *Notice of Disallowance of Claim*, Claim No. NS1053600229 (Nov. 17, 2020), Ex. 1 to the *Compl*., ECF No. 1-1. After the Notice was issued, Plaintiffs retained counsel, who timely filed this action on their behalf for de novo review. *See* 12 U.S.C. § 1821(d)(6) (providing claimants have 60 days to file a lawsuit or the disallowance of the claim becomes final). Sugarcreek, Inc. was not named as a plaintiff in this action, but the FDIC-Receiver asserts the $66,000 claim arises from a 2018 payment by the trustee in Sugarcreek, Inc.'s bankruptcy proceeding,[2] and the payment was approved by an Order of the bankruptcy court. Therefore, the FDIC-Receiver argues the $66,000.00 claim is an impermissible collateral attack on a final order of the bankruptcy court. Additionally, the FDIC-Receiver asserts the Donahues lack standing, and the Complaint is vague,

---

[2]*In re Sugarcreek, Inc.*, No. 14-30257 (Bankr. S.D. W. Va. 2014).

factually unsupported, and contains claims not made at the administrative level.[3] Thus, the FDIC-Receiver moves to dismiss this action pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

In response, the Donahues stated, in part, that they received untimely notice of the disallowance. As a result, their current counsel had little time to draft the Complaint. To the extent the Court found the Complaint lacking, the Donahues requested that they be permitted to amend.

Upon consideration, the Court entered a Memorandum Opinion and Order on April 29, 2021, holding the Motion to Dismiss in Abeyance and permitting Plaintiffs leave to amend their Complaint. *Donahue v. FDIC for First State Bank*, 3:21-0043, 2021 WL 1702932, at *1 (S.D. W. Va. Apr. 29, 2021). Given the FDIC-Receiver's argument that the claim was part of a bankruptcy proceeding, the Court also directed Plaintiffs to "explain how this case is not a collateral attack on a bankruptcy court order and . . . address what impact, if any, Sugarcreek, Inc.'s bankruptcy has on this case." *Id*. at *2. Although given the opportunity to amend and further explain their position, Plaintiffs did neither so the Court is left to resolve whether the original Complaint can survive the FDIC-Receiver's Motion to Dismiss.

## II.
## STANDARD OF REVIEW

Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks." *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir.

---

[3] The FDIC-Receiver also argues that Plaintiffs' claims are barred by the statute of limitations and that Plaintiffs seek damages not permitted under FIRREA. Although at first glance, these arguments also appear to be meritorious, it is unnecessary for the Court to resolve them.

1986) (Murnaghan, C.J., concurring). A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. *Id*. If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. *Id*. On the other hand, a "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citations omitted). A dismissal only should be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted).

With regard to a motion under 12(b)(6), courts look for "plausibility" in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . .

be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)).

The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Additionally, when ruling on a motion to dismiss, this Court may consider documents attached to the complaint and a motion to dismiss, without converting the motion to one for summary judgment, provided the documents "are integral to the complaint and authentic." *Rockville Cars, LLC v. City of Rockville, Maryland*, 891 F.3d 141, 145 (4th Cir. 2018) (stating "[w]hile considering a 12(b)(6) motion, we may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic" (internal quotation marks and citations omitted)). It is under these principles that the Court must consider the FDIC-Receiver's motion.

## III.
## DISCUSSION

On June 23, 2020, Mr. Donahue timely sent a letter to the FDIC-Receiver requesting he be awarded $66,000.00. In relevant part, the letter provides:

> This particular case is the FSB and their legal team lied before a federal judge that it was necessary for $66,000.00 improvements. This was not true, see the engineer report provided. "FSB," also stated if given the $66,000.00 (which they received!) they would take over all maintenance and upkeep of the system, this is false due to the fact there wasn't any need for FSB to state this to the federal judge. Again, see the engineers report. The engineers report covered necessary future upgrades. Also I believed the[y] sold the property illegally.

*Ltr. from Forrest Rex Donahue to FDIC-Receiver* (June 23, 2020), ECF No. 7-1. Following the FDIC-Receiver's denial of their claim, Plaintiffs timely filed their Complaint in this Court, stating the expenditure was for sewer system improvements authorized as part of chapter 7 bankruptcy proceedings. *Compl.* ¶7. Plaintiffs insist the improvements were unnecessary and the bank never

made the improvements. *Id*. ¶6. Therefore, Plaintiffs assert "breach of contract, breach of fiduciary duty, breach of covenant of fair dealing[,] . . . . unjust enrichment[,] . . . . [and] estopp[el.]" *Id*. "Plaintiffs also assert said properties were improperly sold" and the bank "[f]ailed to credit loan payments[.]" *Id*. ¶¶8, 11.

The FDIC-Receiver attached to their motion copies of the relevant documents from the bankruptcy court that Plaintiffs referenced in their Complaint. On March 1, 2018, the Trustee for the Bankruptcy Estate of Sugarcreek, Inc. filed a "Motion to Authorize a Series of Transactions as part of Settlement of Various Claims and Designed to Accelerate Closure of the Above Captioned Case." ECF No. 7-2. In the motion, the Trustee states the transaction includes the bank accepting "responsibility for completion of all work required to complete the sewer system, and to be responsible to all users of the system, including First State Bank, in return for recognition of an administrative claim, other wise [sic] unfiled, in the amount of $66,000." *Mot. to Authorize a Series of Transactions as part of Settlement of Various Claims and Designed to Accelerate Closure of the Above Captioned Case*, at 7. The motion also provides that the payment was a "final fixed expense of the bankruptcy estate." *Id*. There are no contingencies identified obligating the bank to refund the money back to the estate. Both Plaintiffs signed the motion under the heading "Agreed to By." *Id*. at 10. By Order entered on May 11, 2018, the bankruptcy court approved the transaction, holding: "The Trustee is authorized to pay $66,000.00 to First State Bank to assume responsibility for completion of all work required to complete the sewer system at the Castlegate subdivision, and to be responsible to all users of the system, including First State Bank." *Order Granting Mot. of Mar. 1, 2018 for Approval of Several Transactions* ¶6, ECF No. 7-3.

Plaintiffs' claim here is clearly an attempt to overturn the final Order of the bankruptcy court based upon a completely unsupported accusation of fraud.[4] Plaintiffs have never sought reconsideration of the Order by the bankruptcy court, nor have they ever appealed the Order. Instead, with this action, they impermissibly collaterally attack the bankruptcy court's Order. *See generally Covert v. LVNV Funding, LLC,* 779 F.3d 242, 249 (4th Cir. 2015) ("allowing these kinds of post-confirmation collateral attacks on a bankruptcy plan's terms would destroy the finality that bankruptcy confirmation is intended to provide" (internal quotation marks and citation omitted)). As such, their claim before this Court fails.[5]

Moreover, similar to Plaintiffs' other cases, while the parties agree that Sugarcreek, Inc. is a corporation owned by Plaintiffs, Plaintiffs have not identified any legal or factual basis showing they have standing to personally recover any payments made by the trustee in the Sugarcreek, Inc. bankruptcy proceeding. Standing is a constitutional requirement to guarantee federal courts do not go beyond their authority. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016) (citation omitted). The Supreme Court has "established that the 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

---

[4]Plaintiffs' allegation fails to meet the standard of fraud set forth in Rule 9(b) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 9(b) (providing, in part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").

[5]Plaintiffs appear to accuse Jackie Cantley as somehow being involved with this case. Mr. Cantley was a Vice President of The First State Bank who pled guilty before this Court in 2014 to Misallocation of Bank Funds, in violation of 18 U.S.C. § 656. He was sentenced on September 15, 2014, to sixty months of incarceration. *See United States v. Cantley*, 3:13-cr-00245 (S.D. W. Va. 2013). As the bankruptcy Order at issue here was entered in 2018, Mr. Cantley could not have been involved with the Trustee's motion or the Order.

defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. (citations omitted). Additionally, where a plaintiff is "the party invoking federal jurisdiction," it is the plaintiff who "bears the burden of establishing these elements." *Id*. (citation omitted). "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975) (footnote omitted)). Without standing, this Court lacks jurisdiction, and the case must be dismissed. *California v. Texas*, 141 S. Ct. 2104, 2120 (2021) (directing case be dismissed where the plaintiffs failed to show they had standing).Therefore, the Court finds Plaintiffs have failed to demonstrate they have a personal right to recover the $66,000.

### IV.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court finds Plaintiffs have failed to state a claim and **GRANTS** the FDIC-Receiver's Motion to Dismiss. ECF No. 7.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 26, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE